

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2006

# Fisher v. Teva PFC SRL

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4238

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Fisher v. Teva PFC SRL" (2006). *2006 Decisions.* Paper 31.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/31

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4238

_____

WANDA FISHER;
SCOTT FISHER,

Appellants

v.

TEVA PFC SRL, AN ISRAEL CORPORATION,
AN ITALIAN CORPORATION, formerly known as
INDUSTRIA CHIMICA FARMACEUTICA ITALIANA, SRS,
formerly known as ALFA CHEMICALS ITALIANA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-02780)
District Judge: Honorable Jose L. Linares

_____

Argued:  September 28, 2006

Before: RENDELL, ROTH and GIBSON*, Circuit Judges

(Filed: December 22, 2006)

_____

* Honorable John R. Gibson, Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

William S. Kemp [ARGUED]
Harrison, Kemp & Jones
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV   89109

*Counsel for Appellants*
   *Wanda Fisher; Scott Fisher*


Donald W. Kiel
Kirkpatrick & Lockhart Nicholson Graham
One Newark Center, 10th Floor
Newark, NJ   07102

Steven L. Morris [ARGUED]
Morris, Pickering & Peterson
300 South Fourth Street, Suite 900
Las Vegas, NV   89101

*Counsel for Appellee*
   *Teva Pfc Srl, an Israel Corporation,*
   *An Italian Corporation, Formerly Known as*
   *Industria Chimica Farmaceutica Italiana, Srs,*
   *Formerly Known as Alfa Chemicals Italiana*

_____

OPINION OF THE COURT
_____


RENDELL, <u>Circuit Judge</u>.

Wanda and Scott Fisher appeal the District Court's order granting the motion of

Defendant, Teva Pharmaceutical Fine Chemicals, S.R.L. ("Teva") for summary judgment

based on the court's lack of personal jurisdiction over Teva.  On June 15, 2004, the

Fishers filed a products liability lawsuit against Teva in the United States District Court for the District of New Jersey.[1] Personal jurisdiction was premised on specific and general jurisdiction and the defendant's contacts with New Jersey. The District Court granted Teva's motion for summary judgment for lack of personal jurisdiction, finding the plaintiffs failed to show that the defendant had sufficient contacts with New Jersey and finding that the exercise of jurisdiction would be unreasonable. We will affirm the District Court's order.

## I.

In 1997, in order to control Wanda Fisher's weight problem, a Utah physician prescribed Ms. Fisher a drug containing Fenfluramine and Phentermine, commonly referred to as fen-phen. She subsequently moved to Nevada and consumed the fen-phen there. Industria Chimica Farmaceutica Italiana, S.p.A. ("IFCI") produced the fenfluramine contained in the drug Ms. Fisher ingested. Teva owns IFCI.[2]

The plaintiffs argue that the District Court for the District of New Jersey has

---

[1] Prior to the New Jersey lawsuit, the Fishers commenced a lawsuit in the United States District Court for the District of Nevada. The Nevada district court also dismissed the lawsuit for lack of personal jurisdiction. An appeal is pending before the Ninth Circuit. *Fisher v. Prof. Compounding Ctrs. of Am., Inc.*, No. 05-17402.

[2] ALFA Chemicals Italiano ("ALFA") owned ICFI. In December 1997, ICFI and ALFA merged with Pharmaceutical Fine Chemicals Italiana, S.r.l. ("PFC Italiana"). In May 1998 Allied Signal, Inc. acquired PFC Italiana. Honeywell International Inc. purchased PFC Italiana and the company became Honeywell PFC. In 2002, a subsidiary of Teva Pharmaceutical Industries, Ltd. called Prosintex ICI purchased Honeywell PFC and the company became Teva Pharmaceutical Fine Chemicals S.r.l. The parties do not dispute the corporate arrangements which led Teva to be named as defendant.

general personal jurisdiction over the defendant based on the following contacts by Teva with New Jersey: Teva requested and received approval from the Federal Drug Administration ("FDA") for 22 pharmaceutical products; it hired and communicated with a New Jersey- based company, Vinchem, as their exclusive New Jersey distributor; it shipped pharmaceutical products to New Jersey customers; and its employees traveled to New Jersey. The plaintiffs also contend that the Teva briefly retained an individual as a New Jersey employee and that, after Honeywell International purchased Teva, Honeywell operated it from New Jersey.

## II.

We review a district court's grant of summary judgment for lack of personal jurisdiction de novo. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). While the plaintiff bears the burden to establish personal jurisdiction, we "must accept all of the plaintiff's allegations as true and construe disputed facts" in the plaintiff's favor. *Id.* We review a district court's factual findings for clear error. *Pennzoil Prods. Co. v. Colelli & Assoc.*, 149 F.3d 197, 200 (3d Cir. 1998).

Where, as here, a federal court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, a "federal district court may assert personal jurisdiction over a non-resident of the state in which the court sits to the extent authorized" by that state's law. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 436 (3d Cir. 1987). The New Jersey Long-Arm Statute grants jurisdiction over non-residents to the full extent of the Due

4

Process Clause of the United States Constitution. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4(c)). Under the Due Process Clause of the Fourteenth Amendment, a federal court has personal jurisdiction over a non-resident defendant only where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Provident Nat'l Bank*, 819 F.2d at 436-37 (alteration in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction can be specific or general in nature. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). For specific jurisdiction, the cause of action must arise from the defendant's activities in the state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). General jurisdiction may exist where the cause of action does not arise out of and is not related to the defendant's contacts with the state, *id.* at 414 n.9, but to prove general jurisdiction, the plaintiff must show that the defendant's contacts with the forum are "continuous and systematic." *Id.* at 416; *accord Provident Nat'l Bank*, 819 F.2d at 437. The contacts must also be a central part of the defendant's business. *Provident Nat'l Bank*, 819 F.2d at 437-38. Further, as noted above, the federal court will lack jurisdiction if personal jurisdiction does not comport with "fair play and substantial justice." *BP Chem. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 260 (3d Cir. 2000).

**III.**

5

The District Court held that it lacked general jurisdiction over the defendant.[3]  It found that the distribution agreement with Vinchem, the visits by the defendant's employees to New Jersey, and the past sales of the defendant's products did not establish continuous and systematic contacts with New Jersey.  We agree.

The defendant did not maintain an office, employees, bank account, warehouse, or telephone listing in New Jersey.  *See, e.g., Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1335-36 (Fed. Cir. 2001) (finding the court lacked jurisdiction where the defendant did not maintain an office, bank account, telephone listing, or warehouse in the forum); *BP Chem. Ltd.*, 229 F.3d 254 at 262 (finding the defendant did not have continuous presence in the forum where they did not have personnel or facilities in the forum and did not advertise or solicit business there).

FDA approvals to market to the United States do not constitute "continuous and systematic" contacts with New Jersey.  The FDA approvals allowed Teva to do business with and import their drugs to all fifty states, not New Jersey alone.  Teva did not market the drugs to New Jersey.  While the plaintiffs claim Teva made tens of millions of dollars in drug sales to New Jersey customers, no proof of this was offered and the plaintiffs did not indicate the number of sales made directly to New Jersey customers as opposed to

---

[3] The District Court also found it lacked specific personal jurisdiction.  However, the plaintiffs did not raise the specific jurisdiction issue on appeal.  Therefore, the plaintiffs have waived the specific jurisdiction issue and we will review only the finding that the District Court lacked general personal jurisdiction.  *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).

those made to the independent distributor located in New Jersey.

Teva's independent distributor, Vinchem, made most of the sales of Teva's pharmaceutical products in New Jersey. While a foreign company is not insulated from the acts of its independent distributor for the purposes of specific jurisdiction, general jurisdiction requires greater contacts with the state than specific jurisdiction. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 458 (10th Cir. 1996); *see also Cambridge Literary Prop., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H.*, 295 F.3d 59, 63 n.3 (1st Cir. 2002) (noting sales by an independent distributor normally do not constitute contacts of the manufacturer). In addition, the distribution agreement with Vinchem explicitly provided that Vinchem could not legally bind or represent Teva and no evidence suggested that the defendant controlled Vinchem. *See BP Chem. Ltd.*, 229 F.3d at 261 (finding that contracting with an entity in the forum is not sufficient to establish minimum contacts).

Teva's employees' visits to the United States occurred, at most, a few times a year and the plaintiffs never established how many trips were made to New Jersey. *See Helicopteros Nacionales de Colombia*, 466 U.S. at 417-18 (finding scattered employee visits to the forum for training insufficient to establish general jurisdiction). While Teva corresponded with New Jersey clients and distributors, we previously have found that correspondence alone will not establish general jurisdiction. *See BP Chem. Ltd.*, 229 F.3d at 262.

7

The fact that Honeywell International, a New Jersey company, owned the defendant for a time does not help plaintiffs. The activities of a parent company are imputed to the subsidiary only if the subsidiary is the parent's agent or alter ego so that the "independence of the separate corporate entities was disregarded." *Lucas v. Gulf & Western Indus., Inc.*, 666 F.2d 800, 806 (3d Cir. 1981); *accord Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 609 (D.N.J. 2004). Here, the evidence presented merely suggests the Italian plants reported to Honeywell and that Honeywell forecasted the distribution requirements for the Italian defendant. This evidence is insufficient to find that Honeywell and the Teva lack independence. *See BP Chem. Ltd.*, 229 F.3d at 262-63 (finding the court did not have general jurisdiction over subsidiary where subsidiary submitted bid packages to and leased software from a parent corporation located in the forum).

Finally, the plaintiffs contend that the Teva briefly retained Kathleen Gianetti as a New Jersey employee and that this employment relationship is additional proof of minimum contacts with New Jersey. However, the facts found by the District Court reveal that Ms. Gianetti was not an employee of Teva. Though Ms. Gianetti claimed to be a New Jersey employee of the defendant, her employment contract conclusively showed otherwise. We therefore agree with the District Court that Teva never employed a New Jersey employee.

We also agree with the District Court that even if sufficient contacts existed, exercising personal jurisdiction over the defendant would be unreasonable. To determine whether the exercise of jurisdiction is reasonable and comports with "traditional notions of fair play and substantial justice," courts consider the following factors: the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the judicial system's interest in obtaining efficient results. *Asahi Metal Ind. Co. v. Superior Court of Cal., Solano Co.*, 480 U.S. 102, 114 (1987).

Here, the burden placed on the defendant would be great; New Jersey has little interest in the lawsuit; and the plaintiffs do not have a great interest in obtaining relief in New Jersey, having originated this suit in Nevada and received the pill in Utah. Accordingly, exercising jurisdiction over Teva would be unreasonable and contrary to "traditional notions of fair play and substantial justice."

Accordingly, we will AFFIRM the District Court's order dismissing the case based on its finding that it lacked general personal jurisdiction over Teva. In addition, exercising jurisdiction would not comport with "traditional notions of fair play and substantial justice."

_____